The Honorable Brent Haltom Prosecuting Attorney, Eighth Judicial District Miller County Courthouse Texarkana, Arkansas 75502
Dear Mr. Haltom:
This is in response to Deputy Prosecuting Attorney William Randal Wright's request for an opinion regarding the fees authorized in A.C.A. § 16-87-111 (Cum. Supp. 1993) and Act 1193 of 1993. In his correspondence, Mr. Wright notes that the state auditors, who are auditing the books of Hempstead County, have asked that he request an opinion from this office on the following questions:
 1. Whether the quorum court in a county which has adopted the public defender program specified in Act 1193 of 1993 and the $4.00 fee authorized in A.C.A. § 16-87-111 can authorize placement of the monies collected pursuant to Act 1193 and § 16-87-111 in the same budget fund to pay for indigent defense?
 2. Whether the quorum court in a county which has adopted the public defender program specified in Act 1193 of 1993 and has also by ordinance adopted the $4.00 fee authorized in A.C.A. § 16-87-111 can appropriate the monies collected under A.C.A. § 16-87-111 to pay for salaries and office expenses of the public defender's office even if no annual salary is specifically appropriated for a part or full-time investigator, with the budget reflecting that if the services of an investigator are required, they will be paid at an hourly rate of, for example, $6.00? Re-stated, can the quorum court use those funds to pay for indigent defense, office expenses and partial attorney salary when no full-time or part-time investigator is actually hired, but only an hourly rate is set with a limited number of hours for an investigator?
As an initial matter, I will set forth the provisions referenced by Mr. Wright in his questions. Arkansas Code Annotated § 16-87-111 authorizes counties to adopt an ordinance assessing additional court costs in order to provide funds for the payment of investigators for public defenders; the statute, in pertinent part, reads:
 (a) In any county having a public defender, the public defender may employ an investigator to help him in carrying out his duties.
 (b) The quorum court in any such county may adopt an ordinance assessing additional court costs in order to provide funds for the payment of the said public defender's investigator, and the quorum court shall set the salary or the rate of pay for the investigator.
* * * *
 (2) The court cost shall not exceed the sum of four dollars ($4.00).
* * * *
 (4) The quorum court may appropriate any funds collected from the court cost provided for in this section in excess of those needed for the investigator to pay salaries and expenses[1] of the office of the public defender.
 (c) The investigator may be employed as an independent contractor or may be employed as an employee of the county at the discretion of the quorum court. [Emphasis added.][2]
Act 1193 of 1993, which is also cited in Mr. Wright's questions, is commonly referred to as the new public defender law and codified as A.C.A. §§ 16-87-201 to -214 (Cum. Supp. 1993). Section 15(b)(1) of Act 1193 amends A.C.A. § 14-20-102 to mandate the imposition of a $5.00 fee to be taxed in certain civil and criminal cases. Eighty percent of the funds collected pursuant to this fee are to be retained by the counties and credited to a fund (as created on the books of the county treasurers pursuant to Section 15(a)(1) of Act 1193) which is to be used for the following purposes:
 . . . paying reasonable and necessary costs incurred in the defense of indigent persons accused of criminal offenses and in the representation of persons against whom involuntary admissions procedures for mental health or alcohol/narcotic commitments or criminal commitments have been brought, and for representation in civil and criminal matters of persons deemed incompetent by the court due to minority or mental incapacity, which have been brought in any circuit courts, chancery courts, juvenile courts, probate courts, city or county division of municipal courts including, but not limited to, investigative expenses, expert witness fees, and legal fees.[3] [Emphasis added.]
Act 1193 of 1993, § 15(a)(1) (codified as A.C.A. §14-20-102(a)(1)). The remaining twenty percent of the funds collected are to be remitted to the State Treasurer and credited to the "Public Defender Fund." See Act 1193 of 1993, § 15(a)(1) and §§ 15(b)(1) (2). Section 15(d) of Act 1193 also allows the optional levy by county quorum courts of an additional fee, not to exceed $5.00, in the same types of civil and criminal cases as the mandatory $5.00 fee is to be levied pursuant to section 15(b)(1) of the act. The money collected pursuant to this fee is to be deposited in the same county fund created by Section 15(a)(1) of Act 1193. I assume that it is the mandatory $5.00 fee and the optional fee (not to exceed $5.00), as set forth in Sections 15(b)(1) and (d) of Act 1193, respectively, to which Mr. Wright is referring when he speaks of "monies collected pursuant to Act 1193."
With regard to Mr. Wright's first question, it is my opinion that, absent an express grant of statutory authority to combine the fees collected pursuant to A.C.A. § 16-87-111 and Act 1193 of 1993, the monies should be maintained separately. Arkansas Code Annotated 16-87-111 is clear and unambiguous in authorizing a fee for the purposes specified therein. The funds collected under this section are to be used for employing an investigator for a public defender. If there are monies in excess of those needed for the investigator, the quorum court may appropriate the excess funds to pay salaries and expenses of the public defender's office. Section 15(a)(1) of Act 1193 is also clear and unambiguous in requiring that the fees collected pursuant to sections 15(b)(1) and (d) of the act be placed into the fund created by section 15(a)(1) and used for "the purpose of paying reasonable and necessary costs incurred in the defense of indigent persons accused of criminal offenses . . . including, but not limited to, investigative expenses, expert witness fees, and legal fees." Thus, the monies in the fund created by section 15(a)(1) may be used for a variety of purposes, as long as they are "reasonable and necessary costs incurred in the defense of indigent persons accused of criminal offenses . . ." The purposes for which the funds collected pursuant to A.C.A. § 16-87-111 may be used are, however, more limited; in fact, it is only when the funds collected pursuant to § 16-87-111 exceed the amount needed for the investigator can the monies be used for the other purposes stated therein. Therefore, if the monies collected under § 16-87-111 were placed in the fund created by Section 15(a)(1) of Act 1193, the monies might result in being used for purposes other than those designated in § 16-87-111 (i.e. for investigator for public defender and if excess, for salaries and expenses of the office of the public defender). In my opinion, this would exceed the county's authority since A.C.A. § 16-87-111 is specific in the purposes for which the funds collected thereunder may be used, and to combine the monies with another fund that may be used for wider purposes might result in effectively converting the funds for purposes other than those authorized in § 16-87-111.
With regard to Mr. Wright's second question, A.C.A. § 16-87-111 is clear in providing that the county may appropriate the funds collected thereunder for "salaries and expenses of the office of the public defender" only in the event that there are monies in excess of those needed for the public defender's investigator. In my opinion, the statute certainly contemplates that an investigator will actually be hired; the purpose of the statute is, in fact, to authorize an additional court cost for that purpose. Thus, it is my opinion that, only in the event an investigator is actually hired, and only in the event that the funds collected pursuant to § 16-87-111 exceed the amount needed for the investigator, may the county appropriate monies collected pursuant to § 16-87-111 to pay for other expenses; and these other expenses must fall within the description of "salaries and expenses of the office of the public defender."
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely,
WINSTON BRYANT Attorney General
WB:NAH/cyh
[1] Arkansas Code Annotated § 16-87-103(3) (1987) provides that the term "expenses," as used in the chapter in which § 16-87-111 appears, "include the cost of investigation, other preparation, and trial." See however A.C.R.C. Notes to A.C.A. § 16-87-111 (Cum. Supp. 1993) stating that references to "this chapter" (which appears in § 16-87-103) in §§ 16-87-101 to -110 may not apply to § 16-87-111, which was enacted subsequently.
[2] In Op. Att'y Gen. No. 94-190, it was concluded that A.C.A. § 16-87-111 appears to still be good law, despite the fact that the statute predates Act 1193 of 1993, the new public defender law. In this regard, it was stated that it would appear ". . . quorum courts, whether in a county that has a `public defender commission' that was created pursuant to A.C.A. § 16-87-104 and qualifies today as a `public defender system' under the guidelines of the Arkansas Public Defender Commission or in a county that has a Commission-approved `public defender system' that was created after the passage of Act 1193, may adopt an ordinance assessing an additional court cost in order to provide funds for an investigator, as provided in § 16-87-111." Op. Att'y Gen. No. 94-190 at 4. See also Op. Att'y Gen. No. 93-123
(reasoning that the $4.00 fee authorized by A.C.A. § 16-87-111 is apparently one of the "other costs and fees provided by law," as mentioned in Section 15 of Act 1193, and stating that Act 1193 of 1993 "does not appear to affect the $4.00 fee counties may have imposed pursuant to A.C.A. § 16-87-111," and, accordingly, "counties need not reenact any ordinances passed pursuant to this Code section in order to retain the effectiveness of such an ordinance after the passage of Act 1193.")
[3] Sections 15(a)(2) and (3) of Act 1193 of 1993 provide that where there are "adequate unappropriated moneys" in this fund, the quorum court may also provide for the use of the funds for the purpose of defraying the cost of the juvenile division of chancery court and medical and dental costs incurred by the county for indigent defendants incarcerated in the county jail. Section 15(a)(4) of Act 1193 of 1993 further provides that the quorum court is authorized to supplement the indigent defense fund, as created by section 15(a)(1) of the act, by appropriation from the county general fund, and expenditures from the fund are to be made in the manner and amounts prescribed by the quorum court.